## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LAUGHLIN KENNEL COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| | ) | **NO. 16-CV-10738-TSH** |
| **v.** | ) | |
| **GATEHOUSE MEDIA INC., D/B/A** | ) | |
| **WORCESTER TELEGRAM AND** | ) | |
| **GAZETTE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |


## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND
### (Docket No. 20)

### August 22, 2016

**HILLMAN, D.J.**

Laughlin Kennel Company (Plaintiff or Laughlin) seeks to remand this case to the Massachusetts Superior Court for lack of subject matter jurisdiction. For the reasons set forth below, Laughlin's motion is ***granted***.  Laughlin's request for attorneys' fees is ***denied***.

### Background

Laughlin operates as a commercial dog breeder in Oxford, Massachusetts.  GateHouse Media, Inc. (Defendant or GateHouse) is the owner and publisher of the Worcester Telegram and Gazette, which published an article on January 3, 2016 alleging that Laughlin had treated its dogs inhumanely.  In response, on March 15, 2016, Laughlin filed a civil action against GateHouse in Massachusetts Superior Court, claiming five counts of libel.  On April 19, 2016, GateHouse removed the action to this Court on the basis of diversity jurisdiction.  On May 16, 2016, Laughlin

filed the instant motion to remand, arguing that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.

## Standard of Review

A case is properly removed to federal court pursuant to 28 U.S.C. § 1441(a) only if the action could originally have been brought in federal court. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002). Generally, "defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coalition of Surgeons*, 522 U.S. 156, 163 (1997) (quoting § 1441(a)). In a case based on diversity jurisdiction, the parties must be diverse in citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1).

The removing defendant carries the burden of establishing that the federal district court has subject matter jurisdiction over the action. *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 233 (D. Mass. 2010) (citing *Amoche v. Guar. Trust Life Ins. Co.,* 556 F.3d 41, 48 (1st Cir. 2009)). In a case based in diversity jurisdiction, the defendant must show a "reasonable probability" that the amount in controversy is greater than $75,000. *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 (D. Mass. 2014). The courts of this district have adopted the following analytic framework for determining whether a removing defendant has met this burden:

> First, if the jurisdictional amount is not facially apparent from the complaint, then a court need look to the notice of removal and any other materials submitted by the removing defendant. However, whether a defendant has shown a reasonable probability that the amount in controversy exceeds the jurisdictional minimum may well require analysis of what both parties have shown. Second, as part of the analysis of whether a removing defendant has met the standard of "reasonable probability," a court may consider which party has better access to the relevant information. Third, a court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than the jurisdictional minimum is in controversy at the time of removal. Fourth, any

> doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction. Fifth, this preliminary determination concerning whether a defendant has met its burden should be done quickly, without an extensive fact-finding inquiry. Finally, a plaintiff's likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.

*Id.* (quoting *Reynolds v. World Courier Ground, Inc.,* 272 F.R.D. 284, 286 (D. Mass. 2011)).

<u>**Discussion**</u>

It is undisputed that the parties are diverse.[1]   The sole issue is whether GateHouse has shown a reasonable probability that the amount in controversy exceeds $75,000.   Laughlin's complaint does not contain an *ad damnum* clause specifying the amount of damages that it seeks for each of its five counts of libel.   Nevertheless, GateHouse asserts that the face of the complaint shows damages in excess of $125,000.

GateHouse relies on Laughlin's statement in the first numbered paragraph of the complaint, under the heading "jurisdiction and venue," which states: "The Superior Court has jurisdiction over this matter because the causes of action arise in Massachusetts state tort law; damages are likely to exceed $25,000." (Docket No. 1-1 at 5.)  GateHouse argues that, because Laughlin begins each of its five counts with the phrase "Plaintiff repeats and realleges all prior paragraphs of the Complaint as if set forth fully herein," the jurisdictional averment should be multiplied by five, reaching a total of at least $125,000.  Laughlin, for its part, argues that the first numbered paragraph is merely a jurisdictional averment, and that the court should rely on its civil action cover sheet, in which it stated that its damages were $36,000. (Docket No. 1-1 at 2.)

---

[1] Laughlin is a Massachusetts corporation with a principal place of business in Massachusetts. GateHouse is a Delaware limited liability company whose sole member is a Delaware corporation with a principal place of business in New York.

It is clear that the jurisdictional statement in the first numbered paragraph of Laughlin's complaint refers to the action in total, stating that the case meets the $25,000 amount-in-controversy requirement for jurisdiction in the superior court.  The opening phrase of each count—a standard incorporation of all previously pled facts—cannot reasonably be interpreted as an intention to multiply this jurisdictional figure.  The complaint contains no other indication of the amount of damages sought for each count.  Thus, the complaint is facially ambiguous with regard to damages, except that the estimated total is greater than $25,000.

Because the complaint is ambiguous with regard to whether the claimed damages exceed $75,000, GateHouse would need to present other evidence of the amount in controversy in order to meet its burden for purposes of removal, see *Huston*, 18 F. Supp. 3d at 21, which it has not done. Indeed, the only other document submitted in relation to the amount in controversy is Laughlin's civil action cover sheet—which, although not in itself dispositive, provides additional support for Laughlin's rather than GateHouse's reading of the complaint.  Accordingly, GateHouse has failed to meet its burden of showing a reasonable probability that the amount in controversy exceeds $75,000, and the case must be remanded.

Laughlin seeks attorneys' fees in relation to the instant motion.  "An order remanding [an improperly removed case] may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  A case is improperly removed when there is no "objectively reasonable basis for removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Although the First Circuit has not defined what constitutes an objectively reasonable basis for removal, other sessions of this court have awarded costs and fees only when the facts are "so one-sided as to have made remand a foregone conclusion." *Youtsey*, 734 F. Supp. 2d at 239; *see also Rizzi v. 178 Lowell St. Operating Co., LLC*,

No. CV 15-12008-NMG, 2016 WL 873167, at *3 (D. Mass. Jan. 8, 2016); *Huston*, 18 F. Supp. 3d at 25.  While GateHouse has failed to present any evidence that the amount in controversy is greater than $75,000, the facts pled in Laughlin's complaint are not so one-sided as to make remand a foregone conclusion.  Accordingly, Laughlin is not entitled to attorneys' fees.

## Conclusion

For the reasons set forth above, Plaintiff's motion to remand (Docket No. 20) is ***granted*** as to remand and ***denied*** as to attorneys' fees.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**